# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:95-cr-00198-02

TREVOR LITTLE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the movant's motion to correct court's erroneous delegation to Bureau of Prisons to make payment schedule for fine imposed [Docket 510]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the court deny the defendant's motion because this court lacks jurisdiction over the defendant's motion, which should have been brought pursuant to 28 U.S.C. § 2241. Because the defendant is confined in the United States Penitentiary in Pollock, Louisiana, the Magistrate Judge found that the defendant must file his petition in the United States District Court for the Western District of Louisiana, Alexandria Division. *See* 28 U.S.C. § 2241.

The defendant timely filed written objections to the Magistrate Judge's findings of fact and recommendation. Mr. Little objects to the Magistrate Judge presiding over his criminal action. He asserts that he did not consent to have his motion decided by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). The defendant misconstrues the nature of a referral to a Magistrate Judge. When

a court refers a matter to a Magistrate Judge for submission to the court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), it is the district court who ultimately decides the case. The Magistrate Judge provides a recommendation, however, that recommendation is not binding in any way upon the court. Moreover, the district court conducts a *de novo* review of a movant's claims if the Magistrate Judge's findings and recommendations are objected to by either party. Mr. Little's consent would only be required if the court had delegated to the Magistrate Judge the authority to enter judgment in the case pursuant to 28 U.S.C. § 636(c). Here, that was not the case. This case was referred to the Magistrate Judge under § 636(b)(1)(B). Accordingly, the defendant's objection to having the Magistrate Judge presiding over his case is **DENIED**.

Having reviewed the defendant's remaining objections *de novo*, I find that they are without merit. Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge, and **DENIES** the defendant's motion.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER: April 3, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE