**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TREVOR LITTLE,

           Movant,

v.                                         CIVIL ACTION NO. 2:10-cv-00978
                                                      (Criminal No. 2:95-cr-00198-02)

UNITED STATES OF AMERICA,

           Respondent.

**ORDER**

      Before the Court is Petitioner Trevor Little's Motion to Vacate, Set Aside, or Correct Sentence [Docket 642]. By Standing Order entered August 1, 2006, and filed in this case on August 4, 2010, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed a PF&R [Docket 647] on September 14, 2010, recommending that this Court dismiss Petitioner's motion.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*,

687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on October 1, 2010. Petitioner filed objections on September 30, 2010. (Docket 150.)[1]

Magistrate Judge Stanley recommended that the Court dismiss the instant petition because Petitioner has not obtained a certificate of appealability to file a second and successive habeas motion from the United States Court of Appeals for the Fourth Circuit as required by 28 U.S.C. § 2255(h). Petitioner objects that his 28 U.S.C. § 2255 petition presents "an extraordinary issue which is outside the time and criteria barrier for filing a second or successive § 2255 motion." (Docket 650 at 1.)[2] As Petitioner has not obtained a certificate of appealability from the Fourth Circuit as required by 28 U.S.C. § 2255(h), this Court lacks subject matter jurisdiction over this action and it must be dismissed. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir.2003). Accordingly, Petitioner's objection is **OVERRULED**.

---

[1] The Court notes that there are several outstanding motions related to the instant § 2255 petition pending on both the civil, 2:10-cv-00978, and criminal, 2:10-cr-00198-02, dockets of this case. On the civil and criminal dockets, Petitioner filed a motion to hold this case in abeyance pending the outcome of two Supreme Court decisions [Docket 661] which is now **DENIED**. On the criminal docket, Petitioner filed two identical motions [Docket 641 and 648] containing argument concerning his § 2255 petition, a motion for immediate release [Docket 649] also related to his § 2255 petition, a motion to have the probation officer correct irregularities in his PSR [Docket 651] that is also related to his § 2255 petition, and a motion to amend his § 2255 petition to correct a typographical error [Docket 656]. As the substance of these motions is resolved by this Opinion, Petitioner's motions [Dockets 641, 648, 649, 651, and 656] are hereby **DENIED**.

[2] The basis for Petitioner's § 2255 motion is a request to be re-sentenced with the benefit of the Fair Sentencing Act of 2010 (FSA). The FSA is not retroactive. *See United States v. Bullard*, --- F.3d ----, No. 09-5214, 2011 WL 1718894, at *10 (4th Cir. May 6, 2011). Of course, Petitioner may seek relief under 28 U.S.C. § 3582(c)(2) based on the retroactive application of the guidelines amended as a result of the FSA.

For the reasons noted above, the Court **ADOPTS** the PF&R [Docket 647] and **DISMISSES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Docket 642]. A separate Judgment Order is entered this day implementing the findings contain herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 1, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE