IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:95-cr-00198-02

TREVOR LITTLE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion for Reduction of Sentence pursuant to the First Step Act filed by Defendant Trevor Little. [ECF No. 798]. For the reasons that follow, Mr. Little's Motion is **GRANTED**.

I.    **First Step Act**

The Fair Sentencing Act of 2010 was enacted to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Under Section 2 of the Fair Sentencing Act, "what used to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums became an 18:1 ratio." *United States v. King*, No. 3:02-CR-00067, 2019 WL 7563528, at *1–2 (M.D. Tenn. Oct. 30, 2019) (quoting *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013)). The First Step Act of 2018, in turn, provided additional relief to some offenders by making certain provisions of the Fair Sentencing Act retroactive. *Id.*

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act provides that a sentencing court "may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

The First Step Act of 2018 expressly allows courts to modify a term of imprisonment. *United States v. Wirsing*, 943 F.3d 175, 184 (4th Cir. 2019). Section 404 of the First Step Act applies the statutory relief of the Fair Sentencing Act of 2010 retroactively to eligible defendants. Any defendant sentenced before the effective dates of the Fair Sentencing Act (August 3, 2010), and who did not receive the benefit of the changes to the statutory penalties made by the Act, is eligible for a sentence reduction under the First Step Act. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base that triggers the mandatory minimum and maximum penalties under 21 U.S.C. § 841.

The First Step Act places significant discretion with the United States District Courts. *See Wirsing*, 943 F.3d at 180. It does not specify the nature and extent of the relief available. Courts are not compelled to grant relief. The First Step Act grants authority to the sentencing judge to make the final determination about whether to

lower an eligible defendant's sentence and if so, how much that sentence should be lowered.

The proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b). *Wirsing*, 943 F.3d at 184. The First Step Act grants courts statutory authority to conduct a full resentencing. *United States v. Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2 (S.D.W. Va. Nov. 21, 2019). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Thus, this language allows for a resentencing under the First Step Act.

"Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range." *Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2. Modifying the sentence under § 3582(c)(1)(B) does not require a hearing or the defendant's presence. *See e.g.*, *id.* ("Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing."); *Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019), order amended and superseded, No. 4:95-CR-39, 2019 WL 6039954 (E.D. Va. Nov. 14, 2019). "It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case." *Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759, at *2.

## II. Discussion

### a. Statutory Penalties

Mr. Little is eligible for consideration of a sentence reduction under the First Step Act for Counts One, Nine, and Ten of the Indictment in the instant matter. On May 3, 1996, Little was convicted of four counts related to the distribution of crack cocaine: conspiracy to distribute crack cocaine under 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846 (Count One); aiding and abetting interstate travel to promote drug trafficking of crack cocaine, in violation of 18 U.S.C. § 1952 (Count Eight); aiding and abetting the possession of crack cocaine with intent to distribute it, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count Nine); and distribution of crack cocaine, also in violation of 21 U.S.C. § 841(a)(1) (Count Ten).

On July 15, 1996, Judge Charles H. Haden, II sentenced Mr. Little to life in prison on Counts One, Nine, and Ten, concurrent with each other, and a concurrent term of five years in prison on Count Eight. Mr. Little was further sentenced to a five year term of supervised release on Counts One, Nine, and Ten, as well as three years on Count 8, all concurrent with one another. On February 23, 2016, Judge Johnston reduced Mr. Little's sentence on Counts One, Nine, and Ten to 360 months in prison under 18 U.S.C. § 3582(c)(2). Mr. Little is currently incarcerated, with a projected release date of May 20, 2022. Mr. Little was sentenced in 1996, before the Fair Sentencing Act went into effect. In addition, his offense convictions on Counts One, Nine, and Ten all involved crack cocaine and were sustained under a statute modified

4

by the Fair Sentencing Act. Therefore, Little is eligible for a reduced sentence on Counts One, Nine, and Ten.[1]

In this instance, Mr. Thomas was sentenced under 21 U.S.C. § 841(b)(1)(A) in Counts One, Nine, and Ten, for a cocaine base offense that was committed prior to the enactment of the Fair Sentencing Act of 2010. Because Defendant was charged with an unnamed amount of cocaine base, and not at least 280 grams, under the First Step Act, the new statutory range for his offenses under Counts One, Nine, and Ten is 0–20 years in prison and a term of supervised release of three years to life under 21 U.S.C. § 841(b)(1)(C), a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C)(2018) (setting forth maximum penalty after a felony drug offense conviction); *see also Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

b. Sentencing Guidelines

Little's originally calculated advisory Guideline "range" was life in prison, based on a final offense level of 48 (reduced to 43 by U.S.S.G. § 5A, comment. (n. 2)) and a Criminal History Category of I. That offense level dropped to a final offense level of 42 during the § 3582(c)(2) proceeding, lowering Little's range to 360 months to life in prison. As previously stated, Judge Haden sentenced Mr. Little to life in

---

[1] The sentence on Count Eight was not impacted by the § 3582(c)(2) proceeding and is not impacted by the Fair Sentencing Act. Mr. Little was sentenced to a concurrent 60-month term of imprisonment on Count Eight, for aiding and abetting interstate travel to promote drug trafficking.

prison, and Judge Johnston later reduced the sentence to 360 months, pursuant to the 2014 Guidelines' amendment, concurrently for Counts 1, 9, and 10. Applying the current Guidelines, the final offense level remains unchanged at 42 and a Criminal History category of I. However, because the statutory maximum for Mr. Little's sentence is now 20 years for Counts 1, 9, and 10, the Guideline range is capped at 240 months.[2]

### C. Reduction in Sentence

I find a reduction of Defendant's sentence is warranted. I find that the briefs and the original presentencing report sufficiently articulate the offense conduct that may be considered in the § 3553(a) factors. Thus, based on the issues present in the case, the authority under § 404 of the First Step Act, and under § 3582(c)(1)(B), the Court finds a hearing is unnecessary for this matter. *See Jackson*, No. CR 3:99-00015-05, 2019 WL 6245759 ("It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case."). After considering the nature and circumstances of the offense, the history and characteristics of the Defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, I modify Mr. Little's sentence to 240 months of

---

[2] The statutory maximum is 20 years on Counts One, Nine, and Ten, providing a total statutory exposure of 60 years if sentenced consecutively. Mr. Little was originally sentenced concurrently on each count. I therefore also find it appropriate to sentence his counts concurrently. Accordingly, the Guideline range is capped at 240 months.

imprisonment followed by three years of supervised release for Counts One, Nine, and Ten to be served concurrently.[3]

### III.  Conclusion

The Motion for Reduction of Sentence [ECF No. 798] is **GRANTED**. This court now reduces and modifies Mr. Little's sentence, imposing a term of imprisonment to 240 months to be served concurrently for Counts One, Nine, and Ten, followed by three years of supervised release. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   April 3, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Little has been in prison since at least December 18, 1995 on this case. Because his sentence has been reduced to 240 months, he should be released immediately.